IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 01-00311-01-CR-W-NKL |
| JUAN A. GUEVARA, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On September 10, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

*I. BACKGROUND*

On January 17, 2002, a Superseding Indictment was returned charging Defendant with, <u>inter alia</u>, one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. A change-of-plea hearing was held on September 10, 2009. Defendant was present, represented by retained counsel Robin Fowler. The government was represented by Assistant United States Attorney Lajuana Counts. The proceedings were recorded and a transcript of the hearing was filed on September 11, 2009.

*II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and

the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On January 17, 2002, a Superseding Indictment was returned charging Defendant with one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Tr. at 4-5). The court read the charge against Defendant and Defendant indicated that he understood the nature of the charge (Tr. at 4-5).

3. The statutory penalty for conspiracy to distribute cocaine is up to life imprisonment, a fine of up to $4,000,000, a supervised release term of not less than five years, and a $100 mandatory special assessment fee (Tr. at 5). Defendant was informed of the penalty range and indicated that he understood (Tr. at 5).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

   b. That he has the right to assistance of counsel throughout the trial (Tr.

at 6-7);

  c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 7);

  d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 7);

  e. That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 7-9);

  f. That defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 8); and

  g. That defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 9).

5. Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 9).

6. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9-10).

7. Government counsel stated that this has been an open file case (Tr. at 10). If this case were to be tried, the government would present testimony through witnesses and cooperating defendants, including LaSalle Prewitt, Timothy Hughes and Robert Abbott that they, along with Defendant and others, sold at least five kilograms of cocaine in the Kansas City (Tr. at 11). Kansas City is in the Western District of Missouri (Tr. at 11).

8. Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 11-12).

9. Defendant was placed under oath (Tr. at 12). Defendant stated that it was true that between July of 1999 and July of 2001 he was within the Western District of Missouri (Tr. at 12, 14). During that period of time, Defendant had contact with Robert Abbott, Loren Harris and Donovan C. Law (Tr. at 12, 14). These individuals reached an agreement that they would engage in the distribution of cocaine (Tr. at 12-13). Defendant knew that doing so was a violation of the law, but yet intentionally participated in the agreement (Tr. at 13, 14). He did not dispute that the amount of cocaine involved was five kilograms or more (Tr. at 13, 14).

10. Defendant had reviewed and discussed the plea agreement with his attorney and understood the terms of the agreement (Tr. at 15). I then reviewed the terms of the plea agreement with Defendant (Tr. at 15-22). All promises made by the government were contained within the plea agreement (Tr. at 22).

11. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 22).

12. Defendant was satisfied with Mr. Fowler's performance (Tr. at 22-23). Mr. Fowler has not done anything Defendant did not want him to do (Tr. at 23). There is nothing Defendant asked Mr. Pace to do that he did not do (Tr. at 23).

13. Defendant is 37 years old (Tr. at 23). He has a ninth grade education (Tr. at 23). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty (Tr. at 23-24). Defendant was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr.

5

Case 4:01-cr-00311-NKL   Document 254   Filed 09/16/09   Page 5 of 6

at 24).

14. Defendant tendered a plea of guilty to Count I of the Superseding Indictment (Tr. at 24-25).

## V. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for conspiracy to distribute cocaine include: (1) there was an agreement to distribute 5 kilograms or more of a mixture containing a detectable amount of cocaine; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. See United States v. Alexander, 408 F.3d 1003, 1008 (8th Cir. 2005)

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in Count I of the Superseding Indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the Count I of the Superseding Indictment.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 15, 2009